Gayle Blatt (Cal. Bar No. 122048)
*gmb@cglaw.com*
Mark Ankcorn (Cal. Bar No. 166871)
*mark@cglaw.com*
CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP
110 Laurel Street
San Diego, California 92101
(619) 238-1811
(619) 544-9232 fax

Jeffrey R. Menard (Cal. Bar No. 248508)
*jmenard22@gmail.com*
Law Office of Jeffery R. Menard
350 Tenth Avenue, Suite 1000
San Diego, California 92101
(858) 869-9529
(858) 605-6170 fax

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Frank Corona**, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Firstsource Advantage, LLC; Firstsource Business Process Services, LLC; Firstsource Group USA, Inc.; Firstsource Solutions, Ltd.**,<br><br>Defendant. | Case No. **'12CV2607 GPC WVG**<br><br>**Complaint**<br><br>Class Action<br><br>Jury Trial Demanded |

Plaintiff Frank Corona ("Plaintiff") individually and on behalf of all others similarly situated, makes the following allegations and claims against Firstsource Advantage, LLC, Firstsource Business Process Services, LLC, Firstsource Group USA, Inc., and Firstsource Solutions, Ltd. (collectively "Defendants"), upon personal knowledge, investigation of his counsel, and on information and belief.

1. This action seeks redress for business practices that violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. The Court has jurisdiction to grant the relief sought by Plaintiff pursuant to 47 U.S.C. § 227(b) and 28 U.S.C. § 1331.

3. Venue is proper in the district as Plaintiff resides in San Diego County and the actions which give rise to this Complaint occurred in this District.

**Parties**

4. Plaintiff Frank Corona is a natural person who resides in San Diego County, California, and within the Southern District of California. Plaintiff is the account holder of a cellular telephone number and pursuant to the terms of his contract is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

5. Firstsource Solutions, Ltd., is a limited liability company organized under the laws of India. It is headquartered at 5th Floor Paradigm "B" wing, Mindspace, Link Road, Malad (West), Mumbai 400 064. Its shares are publicly traded and are listed on both the National Stock Exchange of India and the Mumbai Stock Exchange.

6. Firstsource Group USA, Inc., upon information and belief is a Delaware corporation wholly owned by its parent, Firstsource Solutions, Ltd., and domiciled in the United States. It is headquartered at 1661 Lyndon Farm Court, Louisville, Kentucky and does business throughout the United States, including California.

7. Firstsource Business Process Services, LLC is a Delaware limited liability company wholly owned by its parent, Defendant Firstsource Group USA, Inc., and domiciled in the same offices as its parent. It does business in California and nationally by and through its subsidiaries including Defendant Firstsource Advantage, LLC.

8. Firstsource Advantage, LLC is a New York limited liability company wholly owned by its parent, Defendant Firstsource Business Process Services, LLC.

///

**Facts**

9.     Directly as well as through its subsidiaries, contractors and agents, Defendants employs hundreds of persons at various call centers throughout the country and overseas.  These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the hundreds of thousands of accounts serviced by Defendants.

10.    Part of Defendants' regular business practice is to make repeated phone calls to persons it believes responsible for paying past-due accounts.

11.    On or before June 29, 2012 Defendants began calling Plaintiff on his personal cellular telephone using an automatic telephone dialing system. At no time did Plaintiff give his consent for Defendants to place such calls to him.

12.    Between June 29 and August 3, 2012, inclusive, Defendant placed more than twenty calls at different times to Plaintiff's cellular telephone.

13.    Each of the calls placed by Defendants were made by means of an automatic telephone dialing system as defined by the Federal Communications Commission.

14.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, *inter alia*, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

16.     On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL65485 (F.C.C.) (2008).

17.     The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶10).

18.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff gave her express consent to call her cell phone within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

19.     Plaintiff never gave his express consent to receive calls on his cellular telephone.

20.     To the contrary, during several of the calls, Plaintiff clearly and unequivocally instructed Defendants and their agents to stop calling his cell phone.

21.     Ignoring Plaintiff's repeated instructions to cease contact, Defendants nevertheless placed at least 20 calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

22.     Defendants acted willfully or knowingly or both in calling numbers using an autodialer without regard to the TCPA or whether the number was assigned to a cellular telephone.

23.     In calling Plaintiff on his cellular telephone line at multiple times per day, Defendants violated 47 U.S.C. § 227(b).

///

**Class Action Allegations**

24. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all others similarly situated.

25. The proposed Class that Plaintiff seeks to represent is defined as follows:

> All persons within the United States who, on or after October 25, 2008, received an non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

26. Collectively, these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendants and any entities in which any Defendant or its subsidiaries or affiliates have a controlling interest, Defendants' agents and employees, the judicial officer to whom this action is assigned and any member of the court staff and immediate family, and claims for personal injury, wrongful death, and emotional distress.

27. Plaintiff does not know the exact number of members in the Class, but based upon Defendants' public statements regarding its business in the United States, Plaintiff reasonably believes that Class members number at minimum in the hundred thousands. This Class size includes consumers who are borrowers on a consumer loan serviced or co-serviced by Defendants, as well as persons who co-signed for such debts; other consumer and business loans serviced by Defendants or their affiliates; persons who received telemarketing solicitations and other notices from Defendants, whether by means of a voice call or text message; and all other persons whom Defendants or their affiliates, agents, contractors, or employees dialed (or mis-dialed).

28. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including, whether Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone

service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, in violation of the TCPA.

29. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

30. Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation.

31. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for the following reasons:

    a. It is economically impractical for members of the Class to prosecute individual actions;

    b. The Class is readily definable; and

    c. Prosecution as a class action will eliminate the possibility of repetitious litigation.

32. A class action will cause an orderly and expeditious administration of the claims of the Class. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

33. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

34. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with the respect to the Class as a whole appropriate. Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**First Claim for Relief**

35.  Plaintiff re-alleges and incorporate by reference the above paragraphs as though set forth fully herein.

36.  The foregoing act and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37.  As a result of Defendants' negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call placed in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

38.  Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such negligent conduct that violates the TCPA by Defendants in the future.

**Second Claim for Relief**

39.  Plaintiff re-alleges and incorporate by reference the above paragraphs as though set forth fully herein.

40.  The foregoing acts and omissions of Defendants constitute numerous and multiple knowing or willful, or both, violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

41.  As a result of Defendants' knowing and willful violations of the TCPA, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

42.  Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting such willful conduct that violates the TCPA by Defendants in the future.

**Jury Trial Demand**

43.  Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

**Prayers for Relief**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

1. An injunction against the calling of cellular telephones by Defendants and their contractors, agents and employees, except where the cellular telephone subscriber has provided prior express consent to the calls;
2. Damages pursuant to 47 U.S.C. § 227(b)(3);
3. Costs of litigation and reasonable attorneys' fees;
4. Such other and further relief as the Court may deem just and proper.

Dated: October 25, 2012

CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP

*/s/ Mark Ankcorn*

LAW OFFICE OF JEFFREY R. MENARD

*/s/ Jeffrey Menard*

Attorneys for Plaintiffs